UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KIRT BOOKER,**

      **Plaintiff,**

                                             Civil No: 2:12-CV-15557
                                             HONORABLE PAUL D. BORMAN
v.                                           UNITED STATES DISTRICT COURT

**GOVERNMENT,**

      **Defendant,**
_____/

## OPINION & ORDER OF SUMMARY DISMISSAL

### I. INTRODUCTION

Kirt Booker, ("Plaintiff"), presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a civil complaint in which he seeks monetary relief. For the reasons stated below, the complaint is DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

### II. STATEMENT OF FACTS

Plaintiff indicates that he wishes to sue "the college basketball people," presumably the National Collegiate Athletic Association ("N.C.A.A."), for not allowing African-American women to be cheerleaders. Plaintiff also claims that he would like to sue the National Football League ("N.F.L.") for not allowing any African-American players to kick the game off or to kick field goals. Plaintiff also wishes to sue the N.F.L. for not having African-American coaches, quarterbacks, or cheerleaders. Plaintiff also claims that he wishes to sue Major League Baseball ("M.L.B.") for not having African-American coaches or pitchers. Plaintiff also wishes to sue the

1

National Basketball Association ("N.B.A.") for not allowing African-American cheerleaders. Plaintiff also wishes to sue an unspecified defendant for not allowing African-American men to be "super hero's (sic)" or allowing them to "be 007 James Bond." Plaintiff claims that African-American children "have nothing to look forward to." Plaintiff, however, has only named the "Government" as the defendant in his complaint. Plaintiff seeks five billion dollars in damages.

## III. STANDARD OF REVIEW

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez,* 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F.3d at 612.

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis,* 860 F. Supp. 391, 392 (E.D. Mich. 1994)(citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)); that is, such complaints are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts sufficient to

show a legal wrong has been committed from which plaintiff may be granted relief. Fed.R.Civ.P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor,* 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward,* 241 F.3d 530, 532 (6th Cir. 2001).

42 U.S.C. § 1983 does not apply to actions against federal officials, because they are not state actors acting under color of state law. However, a plaintiff may file suit in federal court for damages arising from a violation of plaintiff's constitutional rights by persons acting under the color of federal law. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 395 (1971). To the extent that plaintiff is alleging that his constitutional rights were violated by persons acting under color of federal law, plaintiff's complaint would be properly construed as a *Bivens* action. *See e.g. Shehee v. Luttrell,* 199 F.3d 295, 298 (6th Cir. 1999).

## IV. DISCUSSION

Plaintiff's lawsuit is subject to dismissal for several reasons.

As an initial matter, it is unclear whether plaintiff is seeking to sue the federal government or the government for the State of Michigan. Plaintiff cannot maintain a civil action against either entity for monetary damages because both are immune from suit.

Absent a waiver, sovereign immunity shields the Federal Government and its agencies

3

from being sued. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1996). A *Bivens* cause of action therefore cannot be brought against the federal government or a federal agency. *Id.* at 483-86. A plaintiff who wishes to bring a lawsuit against the United States must identify a waiver of sovereign immunity in order to proceed, and if he cannot identify such a waiver, the claim must be dismissed on jurisdictional grounds. *See Reetz v. U.S.*, 224 F.3d 794, 795 (6th Cir. 2000)(citing *Dalehite v. United States*, 346 U.S. 15, 30 (1953)). Plaintiff has not identified any waiver of sovereign immunity by the federal government with regards to his cause of action, thus, any claim against the federal government must be dismissed.

To the extent that plaintiff is suing the State of Michigan, the complaint is subject to dismissal, because a state is not a "person" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989). In addition, the Eleventh Amendment bars lawsuits against a state unless the state has waived its immunity, *See Welch v. Texas Dep't of Highways and Pub. Transp.*, 483 U.S. 468, 472–73 (1987), or unless Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. at 66. Plaintiff has failed to identify or allege any facts that would support a finding that the State of Michigan has waived its immunity to his lawsuit or that Congress has expressly overridden any state immunity, therefore, any lawsuit against the State of Michigan is barred by the Eleventh Amendment. *See Akella v. Michigan Dept. of State Police,* 67 F. Supp. 2d 716, 722 (E.D. Mich. 1999).

Any lawsuit against either the federal or state government must also be dismissed because plaintiff has failed to allege that either government had any involvement with the discrimination alleged by plaintiff. A complaint must allege that the defendants were personally involved in the

from being sued. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1996). A *Bivens* cause of action therefore cannot be brought against the federal government or a federal agency. *Id.* at 483-86. A plaintiff who wishes to bring a lawsuit against the United States must identify a waiver of sovereign immunity in order to proceed, and if he cannot identify such a waiver, the claim must be dismissed on jurisdictional grounds. *See Reetz v. U.S.*, 224 F.3d 794, 795 (6th Cir. 2000)(citing *Dalehite v. United States*, 346 U.S. 15, 30 (1953)). Plaintiff has not identified any waiver of sovereign immunity by the federal government with regards to his cause of action, thus, any claim against the federal government must be dismissed.

To the extent that plaintiff is suing the State of Michigan, the complaint is subject to dismissal, because a state is not a "person" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989). In addition, the Eleventh Amendment bars lawsuits against a state unless the state has waived its immunity, *See Welch v. Texas Dep't of Highways and Pub. Transp.*, 483 U.S. 468, 472–73 (1987), or unless Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. at 66. Plaintiff has failed to identify or allege any facts that would support a finding that the State of Michigan has waived its immunity to his lawsuit or that Congress has expressly overridden any state immunity, therefore, any lawsuit against the State of Michigan is barred by the Eleventh Amendment. *See Akella v. Michigan Dept. of State Police,* 67 F. Supp. 2d 716, 722 (E.D. Mich. 1999).

Any lawsuit against either the federal or state government must also be dismissed because plaintiff has failed to allege that either government had any involvement with the discrimination alleged by plaintiff. A complaint must allege that the defendants were personally involved in the

alleged deprivation of federal rights. *See Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983). Because plaintiff has failed to allege that either the state or federal government had any involvement with the acts alleged by plaintiff in his complaint, he has failed to state a claim upon which relief can be granted.

To the extent that plaintiff seeks to sue the N.C.A.A., the N.F.L., the N.B.A., or the M.L.B., his lawsuit is subject to dismissal for two reasons.

First, a plaintiff may not pursue a *Bivens* action for monetary damages against private entities who have engaged in alleged constitutional deprivations even if they are acting under color of federal law. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001). Because these sports organizations are private, plaintiff cannot maintain a *Bivens* action against them.

To the extent that plaintiff is attempting to bring a lawsuit against these athletic organizations pursuant to 42 U.S.C. § 1983, he would be unable to do so because these are private entities. In order to act under the color of state law, a defendant in a § 1983 action must have exercised the power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988)(internal citations omitted). To determine whether a party's action constitutes state action, a federal court must ask whether the defendant's action may be "'fairly attributable to the state.'" *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)(quoting *Lugar v. Edmondson Oil.*, 457 U.S. 922, 937 (1982)). The Supreme Court has set forth three tests to determine whether the challenged conduct may be fairly attributable to the state in order to hold defendants liable under section 1983. These tests are: (1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship or nexus test. *Wolotsky v. Huhn,* 960 F.2d at 1335 (internal citations

omitted). Plaintiff would be unable to maintain an action pursuant to 42 U.S.C. § 1983 against the N.C.A.A., the N.F.L., the N.B.A., or the M.L.B., because he has failed to allege or show that any of these organizations were acting under color of state law when they engaged in their allegedly discriminatory activities. *See National Collegiate Athletic Ass'n v. Tarkanian,* 488 U.S. 179, 198 (1988); *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 958 (6th Cir. 1986); *Piazza v. Major League Baseball,* 831 F. Supp. 420, 425-26 (E.D. Pa. 1993).

Lastly, plaintiff's complaint is subject to dismissal because he lacks standing to bring suit, in that he has failed to allege that he was discriminated against by the government or any of the private sports organizations. "In the Sixth Circuit, a section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort." *Claybrook v. Birchwell,* 199 F.3d 350, 357 (6th Cir. 2000)(collecting cases). Plaintiff's complaint is subject to dismissal.

Because plaintiff's complaint against the defendant or defendants lacks any arguable basis in the law, this Court certifies that any appeal by the plaintiff would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006)(citing 28 U.S.C. § 1915(a)). Stated differently, it would be inconsistent for this Court to determine that plaintiff's complaint was too frivolous or meritless to be served upon the defendant, yet has sufficient merit to support a determination that any appeal from the Court's order of dismissal would be undertaken in good faith so as to permit such an appeal. *See Anderson v. Sundquist*, 1 F. Supp. 2d 828, 835 (W.D. Tenn. 1998)(citations omitted).

## V. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Complaint **[Docket No: 1, filed December 17, 2012]** is summarily **DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH**

**RELIEF CAN BE GRANTED,** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

**SO ORDERED.**

/s/ Paul D. Borman
HONORABLE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

DATED: 1-22-13